UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

ASHMEEN MODIKHAN,

                Plaintiff,                **MEMORANDUM & ORDER**
                                                25-CV-04658 (EK)(JAM)

        -against-

BAC HOME LOAN SERVICING LP, et al.,

                Defendants.

------------------------------------x

ERIC KOMITEE, United States District Judge:

        Plaintiff Ashmeen Modikhan filed the instant motion on March 25. Proceeding *pro se*, she asks that the Court "restor[e] [her] possession" of two residential properties from which she was evicted in March. *See* Mot. for Return of Property 1, ECF No. 18. She also requests that the Court stay "all proceedings" in state court concerning these two properties. *Id.* For the reasons set forth below, plaintiff's motion is denied.

## I.  Background

        The following facts are drawn from plaintiff's complaint and from the instant motion.

        Plaintiff filed her complaint in August 2025. *See* Compl., 2, ECF No. 1. She alleged, among other things, that two properties in Queens that she owned — one in Howard Beach, the other in Ozone Park — were subject to unlawful foreclosure proceedings. *See id* at 11. As relevant here, both properties

are subject to ongoing foreclosure proceedings in New York Supreme Court, Queens County. *U.S. Bank, N.A., as Legal Title Trustee for Truman 2016 SC6 Title Trust v. Modikhan, et al.*, No. 705854/2021 (N.Y. Sup. Ct. March 15, 2021) (Howard Beach); *U.S. Bank, N.A., as Legal Title Trustee of Dwelling Series IV Trust v. Modikhan et al.*, No. 705175/2021 (N.Y. Sup. Ct. July 25, 2021) (Ozone Park). While those proceedings were pending, plaintiff filed for Chapter 7 protection, which stayed the foreclosure actions. *See* Mem. & Order 1-2, *Modikhan v. Aronow*, 22-CV-06434 (E.D.N.Y. May 9, 2023), ECF No. 23. After the bankruptcy court lifted the stay, plaintiff appealed and requested that this Court stay the foreclosure proceedings. This Court denied plaintiff's request, and the foreclosure proceedings continued. *Id.*

Pursuant to foreclosure sales, U.S. Bank Trust National Association ("the Bank") assumed title to both properties. Compl. 13. In January 2026, the Bank obtained warrants of eviction for the properties. Not. of Eviction, *U.S. Bank Trust National Association v. Modikhan et al.*, No. 310691-23 (Queens County Civil Ct. Jan. 9, 2026) (Howard Beach); Not. of Eviction, *U.S. Bank Trust National Association v. Modikhan et al.*, No. 320588-23 (Queens County Civil Ct. Jan. 2, 2026) (Ozone Park). The evictions occurred in March. Modikhan then filed the instant request for injunctive relief.

Plaintiff asserts that the evictions were unlawful. As to the Howard Beach residence, she alleges that on March 18, she was "unlawfully locked out of" that property, and "all [her] belongings were removed by a trucking company." Mot. 2. Apart from stating that New York City Marshal Justin Grossman was "not present," she provides no basis to indicate why the eviction was unlawful. As to the Ozone Park property, she asserts that on March 20, New York City Police Department ("NYPD") Officers entered while she was there with two family members. She asserts that the officers "broke the locks to enter." *Id.* But she provides no additional facts to indicate why that eviction was, in her view, unlawful.

## II.  Legal Standard

A motion filed by a *pro se* plaintiff must be liberally construed to raise the strongest claim it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, an unrepresented plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Plaintiff does not expressly seek injunctive relief. However, we construe her motion as a request for a mandatory injunction because she seeks to "alter the status quo by commanding some positive act" — the return of the two properties to her. *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 34 (2d Cir. 1995); *see Powell v. Bank of New*

3

*York Mellon*, No. 25-CV-02178, 2025 WL 2714236, at *1 (E.D.N.Y. Sept. 23, 2025) (construing motion for stay of eviction proceedings as injunction request).

Injunctive relief "is an extraordinary and drastic remedy." *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005). To obtain a mandatory injunction, plaintiff must show a clear and substantial likelihood of success on the merits, among other things. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).

## III. Discussion

Plaintiff argues that the Court should return the two properties to her because the evictions were "unlawful." Mot. 3. She also asks that the Court "issue a stay in all matters" concerning the properties. The Court lacks jurisdiction to grant either request.

**A.    The *Rooker-Feldman* Doctrine Deprives This Court of Jurisdiction To Review the Eviction Orders**

Plaintiff's request to order the return of the two properties to her essentially asks the Court to vacate the eviction orders. Her requested relief thus invites this Court to "sit in review of the state-court judgment[s]," which the *Rooker-Feldman* doctrine bars. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). Under that doctrine, "federal district courts lack subject-matter

4

jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018).  Four requirements must be met for the doctrine to apply: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany Cty. Bd. of Elecs.*, 422 F.3d 77, 84 (2d Cir. 2005).

These requirements are met here.  Plaintiff lost in the state eviction proceedings, and she complains of injuries — the evictions — caused by the state court judgments.  Her request to return the two properties to her thus invites this Court to "review and reject" the state-court judgments at issue. *See, e.g., Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 273 (E.D.N.Y. 2009) (challenge to state eviction order invited federal court to vacate that order).

The fourth requirement is also met.  Under this element, the district court must identify when the injury produced by the state court judgment occurred.  *Hoblock*, 422 F.3d at 88.  If plaintiff filed her federal challenge after the injury caused by the state court judgment, the *Rooker-Feldman* doctrine bars the claim.  *Hoblock*, 422 F.3d at 88; *see Reyes*,

5

661 F. Supp. 2d at 274 (federal action commenced for purposes of *Rooker-Feldman* when plaintiff filed amended complaint challenging state eviction order).

Plaintiff filed the instant motion on March 25, several months after the state court issued the eviction judgments and approximately a week after the resulting injuries (the two evictions) occurred.  The fourth requirement is thus also met: the injuries caused by the contested state court judgments occurred before plaintiff brought her federal motion. *See Peters v. Caton Towers Owners Corp.,* No. 25-CV-4176, 2025 WL 2653905, at *2 (E.D.N.Y. Sept. 16, 2025).  The *Rooker-Feldman* doctrine accordingly bars the Court from reviewing the state court's eviction orders.

**B.    The Anti-Injunction Act Bars This Court From Staying the State Eviction Proceedings**

Plaintiff also requests a stay of the state eviction proceedings.  The Court cannot grant this relief either.

The Anti-Injunction Act (the "Act") provides that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C § 2283. The Act is an "absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within"

6

at least one of three defined exceptions.  *Vendo Co. v. Lektro-Vend Corp.,* 433 U.S. 623, 630 (1977).  "Courts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings."  *Allen v. New York City Hous. Auth.,* No. 10-CV-168, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) (citing cases); *see Watkins v. Ceasar*, 88 F. App'x 458, 459 (2d Cir. 2004) (affirming district court's denial of motion to enjoin eviction proceedings because of the Anti-Injunction Act); *see also Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972) (same with respect to foreclosure proceedings).

Here, plaintiff requests that the Court enjoin the state eviction proceeding.  *See* Mot. 1-2.  And no exception applies.  First, Congress has not enacted a statute that would "expressly" authorize an injunction.  28 U.S.C. § 2283; *see also Allen,* 2010 WL 1644956, at *3 (finding no congressional authorization to stay state eviction proceeding).

Nor does the second exception apply.  Under it, "federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."  *Atl. C.L. R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 295 (1970).  Injunctive relief is not necessary to the

adjudication of any of plaintiff's pending federal court actions. In this case, plaintiff contests numerous actions taken by her trustee in her Chapter 7 bankruptcy proceeding, including his decision to settle a personal injury lawsuit. *See* Mot. to Dismiss 12, ECF No. 20; *see Modikhan v. Aronow*, No. 24-CV-8825 (E.D.N.Y. Dec. 23, 2024) (action against plaintiff's former lawyer concerning his representation in same bankruptcy proceeding). The state eviction proceedings will not interfere with, no less impact, this Court's "flexibility and authority" to decide these cases. *See Atl. C.L. R.R. Co.*, 398 U.S. at 295.

Finally, the third exception applies when the stay is necessary "to protect or effectuate [the federal court's] judgments." Section 2283. Plaintiff has identified no such judgment, and the Court is aware of none.

Accordingly, plaintiff's motion for a stay is barred by the Anti-Injunction Act, and the Court lacks jurisdiction to adjudicate it. *See Biegeleisen v. Ross*, 164 F.3d 617, 1998 WL 673189, at *1 (2d Cir. 1998) (Table).

## IV. Conclusion

For the reasons set forth above, plaintiff's motion for a preliminary injunction is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and thus denies *in forma*

8

*pauperis* status for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                        /s/ Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge


Dated:       June 23, 2026
             Brooklyn, New York

9